

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50013 | DATE | 3/18/2004 |
| CASE TITLE | Garrison vs. Nygren | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court grants summary judgment as to Count I of the amended complaint, dismisses Counts II and III without prejudice, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 18 2004 | 116 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 3-19-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, D. Steven Garrison, filed a three-count, amended complaint, alleging in Count I a claim of sex discrimination in violation of Title VII against Keith Nygren, the Sheriff of McHenry County, in Count II a state-law claim for malicious prosecution against Nygren and the other defendants, and in Count III a state-law claim for defamation against all defendants. All of the claims arise out of plaintiff's termination as a sergeant at the McHenry County jail based on his alleged involvement in a scheme to doctor paperwork in an effort to cover up a former employee's misuse of sick leave prior to his resignation. All defendants have moved for summary judgment on the various claims brought against them.

The court will first address the issue of whether Nygren is entitled to summary judgment on the Title VII claim. To avoid summary judgment on a sex discrimination claim, a plaintiff must present facts from which a reasonable trier of fact could find that his employer terminated him because of his sex. Steinhauer v. DeGolier, 03-1142, slip op. at 3-4 (7th Cir. Feb. 24, 2004). There are two methods of proof available to a plaintiff to accomplish the task- the direct and indirect methods. Steinhauer, slip op. at 4.

Here, plaintiff does not attempt the direct method, but rather, relies on the indirect approach. Under the indirect method, a plaintiff must first establish a prima facie case of discrimination. Steinhauer, slip op. at 4. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. Steinhauer, slip op. at 4. If the employer does so, it is entitled to summary judgment unless the plaintiff can present sufficient evidence that the employer's proffered reason is actually a pretext for discrimination. Steinhauer, slip op. at 4.

To establish a prima facie case of sex discrimination, a plaintiff must show: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was terminated; and (4) that a similarly situated woman was treated more favorably. Steinhauer, slip op. at 4. Although the Seventh Circuit has stated in an earlier case that in a sex discrimination claim by a male the first element of the prima facie case is replaced by a showing of "background circumstances" that show some reason or inclination to discriminate against men or that there is something "fishy" about the facts of the particular case, see Mills v. Health Care Services Corp., 171 F. 3d 450, 455 (7th Cir. 1997); see also Phelan v. City of Chicago, 347 F. 3d 679, 684 (7th Cir. 2003)(applying the "background circumstances" element to a reverse race discrimination claim), in a more recent case the court of appeals stated that in a sex discrimination claim by a man the "protected class" element of the prima facie case is a "non-issue" because everyone is either male or female. Steinhauer, slip op. at 4. It appears from the Steinhauer opinion that the Seventh Circuit has abandoned the "background circumstances" approach for sex discrimination cases by males (particularly as the opinion cites Mills with no mention of "background circumstances"). While the parties here disagree as to whether plaintiff has shown "background circumstances" in this case, they did not have the benefit of the Steinhauer opinion when they submitted their briefs. This court need not determine whether the "background circumstances" element has continued vitality in a sex discrimination case by a male plaintiff or whether plaintiff here has shown such circumstances as it can resolve the present motion on separate bases.

First, plaintiff's claim fails because he has offered no evidence from which a trier of fact could reasonably conclude that a similarly situated female was treated more favorably than he. While he points to the treatment of other females employees in the jail during the past, none of those situations are similar to the one for which he was terminated. The only truly similarly situated female was Sergeant Goodwin who was also implicated in the alleged cover-up of the sick time abuse. The problem for plaintiff in regard to Goodwin is that Nygren treated her exactly the same, she was terminated. Plaintiff attempts to steer around this obstacle by pointing out that the merit commission ultimately reinstated Goodwin and she only received a 90-day suspension as opposed to termination. The fault in this argument is that Nygren is the defendant and it is his action that matters. It is undisputed that had Nygren had his druthers Goodwin would have been gone as well. Plaintiff has failed to establish the fourth element of his prima facie case, and summary judgment as to Count I is proper on that basis alone.

Additionally, even if plaintiff could make out a prima facie case, he has failed to offer any evidence to show that the articulated reason for terminating him, a violation of the rules of conduct, was a pretext to discriminate based on his sex. A pretext for discrimination means more than an unusual act or a business error; it means deceit used to cover one's tracks. Grayson v. O'Neill, 308 F. 3d 808, 819-20 (7th Cir. 2002). To demonstrate pretext, a plaintiff must show that the employer's articulated reason for its action either: (1) had no basis in fact; (2) did not actually motivate its decision; or (3) was insufficient to motivate its decision. Grayson, 308 F. 3d at 820. In determining whether an employer's proffered reason for an employment action was pretextual, the court is not concerned with the correctness or desirability of the offered reasons, but rather the issue of whether the employer honestly believed in the reason it offered. Grayson, 308 F. 3d at 820. Self-serving quarrels with the legitimacy of the employer's conduct do not establish pretext. Grayson, 308 F. 3d at 820.

In this case, plaintiff's evidence does nothing more than dispute whether he actually undertook to falsify paperwork to cover up the subordinate's misuse of sick leave. The real issue is whether Nygren had a legitimate basis for terminating plaintiff regardless of whether Nygren was ultimately correct. There is ample evidence that shows that Nygren honestly believed that plaintiff had engaged in conduct related to the abuse of sick leave that constituted rules violations and justified plaintiff's termination. This is born out by an independent state police investigation, a decision by the state's attorney's office to prosecute, and an indictment by a grand jury. The fact of acquittal does not detract from the legitimacy of the reasons offered for why plaintiff was terminated. Plaintiff has not shown in any material way that Nygren's motivation for firing him was based on sex discrimination as opposed to the legitimate, nondiscriminatory basis of plaintiff's own purported misconduct. The court grants summary judgment as to Count I on that basis as well.

As for the remaining supplemental state law claims, a district court may decline to exercise its supplemental jurisdiction when it has disposed of all federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); O'Grady v. Village of Libertyville, 304 F. 3d 719, 725 (7th Cir. 2002). Having granted summary judgment on the only federal claim in this case, the court dismisses the remaining state law claims without prejudice.

For the foregoing reasons, the court grants summary judgment as to Count I, dismisses Count II and III without prejudice, and dismisses this cause in its entirety.